# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **TRAVIS ROGAN MAYFIELD,** *Plaintiff,* | § § § § § § § § § | W-21-CV-00971-ADA-DTG |
| v. | | |
| **HILLS BANK AND TRUST COMPANY,** *Defendant.* | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss (ECF No. 6) and Plaintiff's Motion to Transfer Venue (ECF No. 13). Having considered the briefing and applicable law, the Court **GRANTS-IN-PART** Defendant's Motion to Dismiss and **GRANTS** Plaintiff's Motion to Transfer Venue.

## FACTUAL BACKGROUND

Plaintiff Travis Rogan Mayfield, proceeding pro se, filed this action against Defendant Hills Bank and Trust Company. ECF No. 1. Plaintiff asserts violations of the Federal Trade Commission Act, Dodd-Frank Wall Street Reform and Consumer Protection Act, and Truth in Savings Act. ECF No. 1 at 14–52.

Defendant filed a Motion to Dismiss Plaintiff's Original Complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) for lack of personal jurisdiction, improper venue, and failure to state a claim. ECF No. 6. Plaintiff did not respond, but later filed a Motion to Transfer Venue based on a lack of jurisdiction. ECF No. 13. Defendant did not respond to Plaintiff's Motion to Transfer Venue.

## DISCUSSION

Under 28 U.S.C. § 1391(b), venue is proper in:

1

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such an action.

A corporate defendant who is subject to personal jurisdiction in the state at the time the action is commenced is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). *See also Broadway Nat'l Bank v. Plano Encryption Technologies, LLC*, 173 F.Supp.3d 469, 474 (W.D. Tex. 2016). Thus, a plaintiff must show that the defendant has minimum contacts with the district where the suit was brought. *Id.*

This Court lacks personal jurisdiction over Defendant. Plaintiff has not established that Defendant is a resident of this district. The parties do not dispute that this Court lacks personal jurisdiction over Defendant—rather, both parties have affirmatively stated that this Court lacks jurisdiction. ECF No. 6 (moving to dismiss for lack of personal jurisdiction); ECF No. 13 ("…venue in this Court is improper for the following reasons: Lack of Jurisdiction").

Due to Plaintiff's inability to establish a basis for personal jurisdiction over Defendant, this Court finds that venue is improper in the Western District of Texas under 28 U.S.C. § 1391. When venue is improper, the Court must either dismiss the case or transfer the case to a district in which venue would be proper. 28 U.S.C. § 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

For the sake of efficiency, fairness, and in the interest of justice, this Court elects to transfer this case to the Southern District of Iowa. Defendant acknowledged in its Motion to Dismiss that it resides in Hills, Iowa (which is in the Southern District of Iowa). *See* ECF No. 6 at 9.  Plaintiff did not contest Defendant's motion but rather filed an affirmative motion seeking transfer to a district where personal jurisdiction exists and venue would be proper. ECF No. 13. Defendant did not file a response to Plaintiff's motion to transfer, and under Local Rule CV-7(D)(2), the Court may therefore treat Plaintiff's motion to transfer as unopposed. As neither party opposes transferring this case to the Southern District of Iowa, the Court finds it appropriate to transfer the case rather than dismiss for improper venue. Plaintiff, who is proceeding pro se, should not be penalized by a dismissal for filing in this Court when transferring the action will cure the defect. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not. The section is thus in accord with the general purpose which has prompted many of the procedural changes of the past few years—that of removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits.").

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that this case be transferred to the United States District Court for the Southern District of Iowa.

SIGNED this 20th day of September, 2022.

                                            DEREK T. GILLILAND
                                            UNITED STATES MAGISTRATE JUDGE